UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

URIEL ALBERTO-TOLEDO,                                              Case No. 3:20-cv-01557-CL

        Plaintiff,                                                                        ORDER

   v.

WASHINGTON COUNTY; PAT GARRETT;
KARLYN DEGMAN; CAPRICE MASSEY;
ANDREW PULVER,

        Defendants.
_____

MCSHANE, District Judge.

      Petitioner, appearing pro se, filed suit pursuant to 42 U.S.C. § 1983 and was granted

leave to proceed in forma pauperis.

      Plaintiff alleged that defendants violated his federal constitutional rights by unlawfully

detaining him pursuant to a hold allegedly requested by United States Immigration and Customs

Enforcement (ICE). Plaintiff further alleged that, due to his unlawful detention and transfer to

ICE custody, he missed an appearance in state court and his bail was increased to an excessive

amount he could not afford to pay. This Court advised plaintiff of several deficiencies in his

Complaint and allowed him the opportunity to amend. In response, plaintiff filed an Amended

Complaint and renewed a motion for preliminary injunctive relief. In his Amended Complaint, plaintiff alleges the following facts.

On June 6, 2019, plaintiff was arrested on state law charges and booked into the Washington County Jail. The next day, plaintiff posted bail and was released pending trial.

On January 8, 2020, plaintiff was arrested and taken into federal custody on a federal charge of Illegal Reentry. Plaintiff maintains that the prosecutor in his state court case, Deputy District Attorney (DDA) Pulver, knew plaintiff has been arrested by federal authorities and held at the Multnomah County Jail on the federal charge.

Despite this knowledge, on March 13, 2020, DDA Pulver filed a motion to show cause why plaintiff's bail and pretrial release should not be revoked in his state court case for failure to notify the court of his new address, i.e., the Multnomah County Jail. On March 16, 2020, the state court revoked plaintiff's bail and pretrial release. The court issued a warrant for plaintiff's arrest and imposed bail in the amount of $250,000.

On March 27, 2020, plaintiff pled guilty to Illegal Reentry in federal court and was sentenced to time served.

On March 30, 2020, plaintiff was returned to state custody at the Washington County jail. Staff at the jail informed plaintiff that he had no "holds" and could post bail.

On the same day, the state court judge in plaintiff's case signed a transport order requested by DDA Pulver; the order stated that plaintiff should be transported to the Washington County Jail after his release from ICE custody and returned to ICE custody after resolution of his state court charges. Plaintiff maintains that, at the time, ICE had issued no warrants or detainers against him. According to plaintiff, Washington County Jail Commander Massey lodged an ICE hold against plaintiff, despite her knowledge that ICE had not issued a detainer against plaintiff.

On April 1, 2020, plaintiff again posted bail on his state court charges, and he maintains that Washington County Jail should have released him. Plaintiff was not released due to the ICE hold lodged by Commander Massey.

On April 2, 2020, plaintiff was transferred to ICE custody. ICE issued a Form I-205 against plaintiff, which is a warrant of Removal/Deportation. Plaintiff does not allege whether ICE issued a detainer to accompany the Form I-205.

While plaintiff was in ICE custody, he missed an April 3 appearance in state court, and DDA Pulver requested that plaintiff's bail be revoked due to his failure to appear. The state court revoked plaintiff's bail and imposed a new bail amount of $500,000. Plaintiff contends that DDA Pulver knew plaintiff was in ICE custody on April 3 and misled the state court by blaming plaintiff for his failure to appear.

On April 8, 2020, plaintiff was returned to state custody at the Washington County Jail and an ICE hold was again lodged against him. DDA Pulver requested forfeiture of plaintiff's bail, and the state court judge placed plaintiff's bail money in a trust account.

Plaintiff grieved the issue of the ICE hold with the Washington County Sheriff's Office. Chief Deputy Degman ultimately dismissed plaintiff's grievance appeal, informing plaintiff that ICE must remove the hold before the jail could release plaintiff.

Plaintiff subsequently filed this civil action under § 1983.[1]

Plaintiff alleges six claims in his Amended Complaint. Plaintiff alleges that defendants unlawfully detained him in violation of the Fourth Amendment (First Claim); denied him access to the courts in violation of the First Amendment (Second Claim); caused the imposition of

---

[1] Plaintiff initially filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. 2241. *Alberto-Toledo v. Garrett*, Case No. 3:20-cv-01350-CL. Plaintiff voluntarily dismissed that action after the Court informed him that he must exhaust available state court remedies before pursuing habeas relief in federal court.

excessive bail in violation of the Eighth Amendment (Third Claim); caused the deprivation of his

property and liberty without due process in violation of the Fourteenth Amendment (Fourth and

Fifth Claims); and treated Latino defendants like him differently from others similarly situated in

violation of the Fourteenth Amendment (Sixth Claim). Plaintiff seeks compensatory damages

and injunctive relief ordering defendants to remove the ICE hold.[2]

I find that plaintiff's First Claim sufficiently alleges violations of his Fourth Amendment

rights against Commander Massey, Washington County, and Sheriff Garrett in his official

capacity.

Plaintiff alleges that Massey lodged an ICE hold against him on March 30, 2020, even

though she knew ICE had not issued a detainer against plaintiff. Plaintiff further alleges that after

he posted bail in his state court case on April 1, 2020, the Washington County Jail refused to

release him, even though ICE had not issued a detainer. Plaintiff maintains that Washington

County, as a matter of practice and custom, routinely detains individuals based solely on

administrative immigration warrants, which do not necessarily provide probable cause to support

continued detention. Construing plaintiff's allegations liberally, as this Court must do, he states

viable Fourth Amendment claims against Massey and Washington County. *See Ochoa v.

Campbell*, 266 F. Supp. 3d 1237, 1250 (E.D. Wash. 2017) ("A new Fourth Amendment seizure

occurs if, as a factual matter, a person's detention is extended because of an immigration hold.");

*see also Lopez-Flores v. Douglas Cty.*, No. 6:19-cv-00904-AA, 2020 WL 2820143, at *3-6 (D.

Or. May 30, 2020). Further, plaintiff may bring his Fourth Amendment claim for injunctive relief

---

[2] Plaintiff also seeks an order lowering his bail to the original amount imposed by the
state court. However, setting bail is within the province of the state court, and this Court
generally will not intervene in a pending state criminal matter. Moreover, plaintiff seeks a lower
bail amount in order to effectuate his release from confinement, and such relief is not available in
a civil rights action under 42 U.S.C. § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

4    - ORDER

against Sheriff Garrett in his official capacity. *Hartmann v. Cal. Dep't of Corr. & Rehab.,* 707 F.3d 1114, 1127 (9th Cir. 2013) (a plaintiff seeking injunctive relief "need only identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief").

However, plaintiff's allegations fail to state Fourth Amendment claims against Sheriff Garrett, Chief Deputy Degman. Liability under § 1983 arises upon a showing of personal participation by each defendant, and a supervisor – such as the jail commander or sheriff – is not liable for the constitutional violations of employees unless the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff alleges only that Chief Deputy Degman dismissed his grievance appeal, and he alleges no actions taken by Sheriff Garrett.

Further, absolute immunity shields DDA Pulver from suit under § 1983, because plaintiff's claims against him is related to conduct "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (citation omitted); *Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir. 2001) (absolute prosecutorial immunity "covers the knowing use of false testimony at trial, the suppression of exculpatory evidence, and malicious prosecution"). Plaintiff's claims against DDA Pulver are dismissed.

The remainder of plaintiff's allegations fail to state viable claims for relief against Washington County defendants. In his Second Claim, plaintiff alleges that defendants denied him access to the courts by detaining him beyond April 1, 2020 and by failing to transport him to the state court hearing on April 3, 2020. However, the constitutional right of access to the courts requires prison authorities to provide inmates with access to counsel or "tools" to "attack their sentences" or "challenge the conditions of their confinement." *Lewis v. Casey*, 518 U.S. 343, 355

(1996). Plaintiff does not allege that he was denied access to his attorney or other legal resources, and defendants' alleged liability for plaintiff's failure to appear is encompassed in his First Claim.

In plaintiff's Third and Fourth Claims, he alleges that defendants' conduct resulted in an excessive bail amount and the seizure of his bail money in violation of his Eighth Amendment right against excessive bail and his Fourteenth Amendment right to procedural due process. However, Washington County defendants do not control the imposition or forfeiture of bail, and plaintiff's allegations do not suggest that these defendants denied the opportunity to be heard during his state court proceedings. To the extent defendants' conduct resulted in injury to plaintiff by virtue of forfeited bail monies and his unlawful confinement, such damages are encompassed within plaintiff's First Claim.

In plaintiff's Fifth Claim, he alleges that defendants detained him in the absence of probable cause and without providing due process of law. Defendants' allegedly unlawful detention of plaintiff is encompassed in his First Claim, and plaintiff's allegations do not suggest that Washington County defendants denied him opportunity to be heard in his state court proceedings.

Finally, in his Sixth Claim, plaintiff alleges that Washington County treated him differently from others similarly situated by detaining him and other Latinos solely on the basis of administrative immigration warrants. Plaintiff alleges no specific facts suggesting that he was discriminated against as a member of a class or singled out for disparate treatment. *Engquist v. Or. Dep't of Ag.*, 553 U.S. 591, 602 (2008); *McGinnis v. Royster,* 410 U.S. 263, 269-70 (1973). Accordingly, plaintiff's Second, Third, Fourth, Fifth, and Sixth Claims are dismissed.

Plaintiff also moves for a temporary restraining order and preliminary injunctive relief requiring defendants to remove the ICE hold and to release plaintiff if he posts bail. Washington County defendants shall be required to respond to plaintiff's motion with respect to the ICE hold. However, this Court cannot order plaintiff's release. When a prisoner raises a constitutional challenge that would entitle him to release from confinement, his sole federal remedy is a writ of habeas corpus rather than a civil rights action under § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Young v. Kenny*, 907 F.2d 874, 875-76 (9th Cir. 1990).

<u>CONCLUSION</u>

The First Claim in plaintiff's Amended Complaint sufficiently alleges Fourth Amendment claims for compensatory and injunctive relief against Washington County, Commander Massey in her individual capacity, and Sheriff Garrett in his official capacity.

Plaintiff's Second, Third, Fourth, Fifth, and Sixth Claims for Relief are DISMISSED for failure to state a claim. Plaintiff's claims against DDA Pulver, Chief Deputy Degman, and Sheriff Garrett in his individual capacity are DISMISSED on grounds of absolute immunity and failure to state a claim.

DATED this 12th day of February, 2021.

s/ Michael J. McShane
MICHAEL J. MCSHANE
United States District Judge