UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| URIEL ALBERTO-TOLEDO, | Case No. 3:20-cv-01557-MC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| WASHINGTON COUNTY; PAT GARRETT; CAPRICE MASSEY; ANDREW PULVER, | |
| Defendants. | |

MCSHANE, District Judge.

Plaintiff, a pretrial detainee appearing pro se, filed suit under 42 U.S.C. § 1983 alleging that Washington County officials and a deputy district attorney violated his Fourth Amendment rights by unlawfully detaining him pursuant to a United States Immigration and Customs Enforcement (ICE) administrative detainer. Defendants Washington County, Pat Garrett, and Caprice Massey (collectively, the Washington County defendants) move for dismissal of plaintiff's claims on grounds of absolute immunity.

1   - OPINION AND ORDER

Because the Washington County defendants relied on facially-valid court orders when transferring plaintiff to ICE custody and placing a hold on his release, their motion is GRANTED.

## BACKGROUND

The following facts are taken from plaintiff's Second Amended Complaint and its incorporated documents. *See generally* Sec. Am. Compl. (ECF No. 34); McMahon Decl. Exs. 1-5 (ECF No. 47); Sec. McMahon Decl. Ex. 1 (ECF No. 53); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (when ruling on a Rule 12(b)(6) motion to dismiss, a court may examine "documents incorporated into the complaint by reference" and "matters of which a court may take judicial notice").[1]

On June 6, 2019, plaintiff was arrested on state law charges in Washington County and booked into the Washington County Jail. The next day, plaintiff posted bail and was released from custody pending trial.

On January 8, 2020, plaintiff was arrested and taken into custody by U.S. Marshals on a federal charge of Illegal Reentry. Apparently, plaintiff was held at the Multnomah County Inverness Jail during the pendency of his federal charge.

On March 13, 2020, Deputy District Attorney (DDA) Pulver filed a motion to show cause why plaintiff's bail and pretrial release should not be revoked in his Washington County case.

On March 16, 2020, the state court revoked plaintiff's bail and issued a warrant for his arrest. The court also imposed a new bail amount of $250,000.

On March 24, 2020, Washington County Circuit Court Judge Rebecca Guptill issued an "Order to Transport Defendant from Multnomah County Inverness Jail," which stated that

---

[1] The McKinney declaration (ECF No. 48) proffered by defendants was not considered in resolving their motion to dismiss.

2   - OPINION AND ORDER

plaintiff was "in the custody of the above-named facility" and his appearance was required before the state court in Washington County. McMahon Decl. Ex. 1 (ECF No. 47-1). The Order to Transport ordered plaintiff to be released to the Washington County Sheriff for his court appearance and provided that "when the above-entitled matter has been completed, [plaintiff] shall be returned to the Multnomah County Inverness Jail (ICE Custody)." *Id.*

On March 27, 2020, plaintiff pled guilty to a charge of Illegal Reentry in federal court and was sentenced to time served. He remained at the Multnomah County Inverness Jail on a hold from Washington County.

On March 30, 2020, Judge Guptill signed an Amended Order to Transport stating that plaintiff was "in the custody" of ICE rather than Multnomah County and directing plaintiff's release to the Washington County Sheriff for his appearance in state court. Sec. McMahon Decl. Ex. 1 (ECF No. 53-1). The Amended Order also provided that "when the above-entitled matter has been completed, [plaintiff] shall be returned to the custody of Immigration and Customs Enforcement (ICE)." *Id.*

Also on March 30, 2020, ICE issued a Warrant for Arrest and Immigration Detainer directed to the Washington County Jail. McMahon Decl. Ex. 3. (ECF No. 47-3). The warrant authorized immigration officers to arrest plaintiff and the detainer directed Washington County Jail officials to detain plaintiff for up to forty-eight hours after the conclusion of his state court proceedings. *Id.* Ex. 3 at 2. Washington County officials did not execute the warrant and instead stamped it with the following language:

> Detainer request declined
> Federal Dist. Court ruled unconstitutional
> See *Miranda-Olivares v. Clackamas County* (D. Or. April 11, 2014)
> Information provided pursuant to ORS 181A.820

*Id.* Ex. 3 at 1.

3   - OPINION AND ORDER

On or around March 30, 2020, plaintiff was transported and booked into the Washington County Jail. The next day, plaintiff appeared before the state court and a preliminary hearing was set for April 3, 2020.

On April 1, 2020, plaintiff posted bail a second time in his Washington County case and signed a release agreement. On April 2, 2020, Washington County jail officials transferred plaintiff to the custody of ICE instead of releasing him on bail.[2]

While in ICE custody, plaintiff missed his April 3, 2020 court appearance in Washington County and DDA Pulver requested that the state court revoke plaintiff's bail due to his failure to appear. The court revoked plaintiff's bail and imposed a new bail amount of $5,000,000.

On April 3, 2020, Judge Guptill also issued a third transport order stating that plaintiff was "presently in the custody of ICE" and must be "brought before this Court" for his appearance on state charges. McMahon Decl. Ex. 4. The Order further provided that, "when the above-entitled matter has been completed, [plaintiff] shall be returned to the custody of Immigration and Customs Enforcement (ICE)." *Id.*

On April 8, 2020, plaintiff was taken to the Washington County Jail, where "an ICE hold was again lodged against him." Sec. Am. Compl. ¶ 74.

Plaintiff grieved the issue of his "illegal detention" arising from the ICE hold. *Id.* ¶ 78. Washington County Jail officials informed plaintiff that the "signed" and "active" transport order authorizing plaintiff's release from ICE custody to Washington County custody "allows ICE to

---

[2] The Court's previous Order indicated that on "April 2, 2020, plaintiff was transported to the Multnomah County Jail and taken into ICE custody." *See* Order dated July 15, 2021, at 3 (ECF No. 32). Plaintiff contends that he was not taken to Multnomah County but instead was remanded directly into ICE custody while at the Washington County Jail and transported to an ICE holding facility. Pl.'s Resp. to Defs.' Mot. at 1-2 & Decl. (ECF No. 51). The Court relied on the language of the March 24, 2020 transport order and acknowledges plaintiff's clarification.

4    - OPINION AND ORDER

place a transport detainer" on plaintiff and requires his return to ICE custody once his state court charges are adjudicated. Pl.'s Resp. to Defs.' Mot. Ex. 2 (ECF No. 51 at 8-9).

In September 2020, plaintiff filed this § 1983 action.

## DISCUSSION

Plaintiff alleges that the Washington County defendants violated his Fourth Amendment rights on April 1, 2020 by refusing to release him after he posted bail and continue to violate his rights by enforcing an ICE detainer that prevents his release on bail.[3] Plaintiff seeks compensatory damages arising from the failure to release him and injunctive relief requiring Washington County to remove the ICE hold. The Washington County defendants contend that they are entitled to absolute immunity from suit because they simply complied with Judge Guptill's transport orders when they transferred plaintiff to ICE custody and placed an ICE hold against him after his return to Washington County custody.

It is well established that corrections officials who are "charged with executing facially valid court orders enjoy absolute immunity from § 1983 liability for conduct prescribed by those orders." *Engebretson v. Mahoney*, 724 F.3d 1034, 1039 (9th Cir. 2013). As explained by the Ninth Circuit, "officials who simply enforce facially valid court orders are 'performing functions necessary to the judicial process'" and "must not be required to second-guess the courts if that process is to work fairly and efficiently." *Id.* at 1042 (quoting *Miller v. Gammie*, 335 F.3d 889, 895-96 (9th Cir. 2003)). Accordingly, "absolute immunity is necessary to free prison officials from the fear of litigation and 'insure that such officials can perform their function without the need to secure permanent legal counsel.'" *Id.* at 1040 (quoting *Valdez v. City & Cty. of Denver*,

---

[3] Plaintiff also brings claims against DDA Pulver and alleges that he falsely informed the state court that plaintiff was in ICE custody. Those claims are not at issue in this motion.

5    - OPINION AND ORDER

878 F.2d 1285, 1288 (10th Cir. 1989)). "Absolute immunity applies even where a prisoner claims that the order at issue is invalid or the order is later overturned." *Id.* at 1039.

Here, Judge Guptill's transport orders stated that plaintiff was in ICE custody and ordered his release to Washington County custody to appear in state court proceedings. The March 24, 2020 Order to Transport ordered plaintiff's return "to Multnomah County Inverness Jail (ICE custody)" after his state court appearance, and the March 30, 2020 Amended Order to Transport clarified that plaintiff "shall be returned to the custody of Immigration and Customs Enforcement (ICE)." McMahon Decl. Ex. 1; Sec. McMahon Decl. Ex. 1. The April 3, 2020 Order to Transport likewise ordered plaintiff to "be returned" to ICE custody. McMahon Decl. Ex. 4. Nothing on the face of these orders suggests that they are invalid, and Washington County Jail officials were complying with the transport orders when they released plaintiff to ICE custody and subsequently placed an ICE hold against him.

Plaintiff nonetheless maintains that the Washington County defendants cannot rely on the transport orders in asserting absolute immunity because he was not returned to the Multnomah County Inverness Jail as required by the March 24, 2020 Order and he was no longer in ICE custody when the March 30, 2020 Amended Order was issued. Sec. Am. Compl. ¶¶ 27, 32-33; Pl.'s Resp. to Defs.' Mot. at 2. I find it immaterial that plaintiff was not returned to the Multnomah County Inverness Jail before his transfer to ICE custody on April 2, 2020. The transports orders required plaintiff's return to "ICE custody" and the March 30, 2020 order omitted the directive that plaintiff be transported to the Multnomah County Inverness Jail.

Granted, plaintiff may not have been in ICE custody when Judge Guptill issued the Amended Order of Transport on March 30, 2020, negating the basis for his "return" or transfer to ICE custody on April 2, 2020. As of that date, plaintiff had been sentenced to time served in his

6    - OPINION AND ORDER

federal case and Washington County jail officials had declined to execute the ICE warrant and detainer. Nonetheless, even if the underlying factual basis for the Amended Order was incorrect, Washington County jail officials are not required to "second-guess the courts" when enforcing facially-valid court orders. *Engebretson*, 724 F.3d at 1042. Washington County officials complied with Judge Guptill's transport orders when they transferred plaintiff to ICE custody instead of releasing him on bail, and Washington County officials are absolutely immune from § 1983 liability.

Plaintiff is correct that absolute immunity generally does not extend to municipalities such as Washington County and does not bar his claim for injunctive relief. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 701 (1978) (holding that "municipal bodies sued under § 1983 cannot be entitled to an absolute immunity"); *Thornton v. Brown*, 757 F.3d 834, 839 (9th Cir. 2013) (stating that absolute immunity is not a bar to injunctive relief). Regardless, plaintiff cannot sustain these claims against Washington County or Sheriff Garrett.

In order to state a § 1983 claim against the County, plaintiff must allege that (1) the County had a policy, custom, or widespread practice that caused the violation of his constitutional rights; (2) the County failed to properly train its officers and the failure to train amounts to deliberate indifference to plaintiff's rights; or (3) the individual who violated plaintiff's constitutional rights had final policy-making authority or ratified a subordinate's unconstitutional decision or action and the basis for it. *Rodriguez v. Cty. of Los Angeles,* 891 F.3d 776, 802-03 (9th Cir. 2018); *see Monell,* 436 U.S. at 691, 694. As discussed above, the transport orders required plaintiff's return to ICE custody, and plaintiff's allegedly unlawful detention did not arise from a policy, custom, or practice of the County. It should go without

7   - OPINION AND ORDER

saying that Washington County's compliance with facially-valid court orders does not amount to an unconstitutional policy.

Finally, plaintiff cannot obtain the requested injunctive relief in this Court. Plaintiff seeks an injunction requiring Sheriff Garrett to remove the ICE hold, which would allow plaintiff to eventually obtain his release on bail. As construed by the Court, plaintiff's claim is based on the allegation that Washington County Jail officials issued the current ICE hold against him due to the ICE arrest warrant and detainer, which do not provide probable cause for plaintiff's extended detention. *See* Sec. Am. Compl. ¶¶ 95-98; *see also* Pl.'s Mot. for Prelim. Inj. at 6-7 (ECF No. 11); Pl.'s Reply in Supp. at 2-3 (ECF No. 23); Order dated July 15, 2021 (ECF No. 32). However, as noted above, Washington County Jail officials declined to execute the ICE arrest warrant and detainer. *See* McMahon Decl. Ex. 3.[4] Instead, the third transport order signed by Judge Guptill on April 3, 2020 requires plaintiff's "return" to ICE custody and prohibits Washington County Jail officials from releasing plaintiff on bail. *Id.* Ex. 4.[5]

Consequently, plaintiff's requested injunctive relief would effectively invalidate or modify an order issued in plaintiff's state court criminal proceeding. This Court will not interfere with a pending state criminal proceeding absent "extraordinary circumstances," which are not present in this case. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). Plaintiff may seek relief from

---

[4] The Court may consider the ICE warrant and detainer in ruling on defendants' Motion to Dismiss because plaintiff referenced an administrative ICE warrant in his Second Amended Complaint. *See* Sec. Am. Compl. ¶¶ 60-61, 98. Even if the Court's consideration of the unexecuted warrant and detainer converts defendants' motion into one for summary judgment, the undisputed facts of record establish that the Orders To Transport issued by Judge Guptill require plaintiff's return to ICE custody. Thus, plaintiff cannot establish genuine issues of material fact to defeat summary judgment.

[5] The Court was unaware of the third transport order until the Washington County defendants filed the instant Motion to Dismiss and had accepted as true plaintiff's allegation that the continuing ICE hold arose from the administrative warrant and detainer issued by ICE.

8   - OPINION AND ORDER

the third transport order in state court, and he apparently has done so. *See* McMahon Decl. Ex. 5 (motion filed by plaintiff in Washington County seeking a reduction in bail and removal of the ICE hold). Further, the Washington County defendants represent that they will honor any changes to plaintiff's detention status if the state court rules in his favor and vacates or modifies the order requiring plaintiff's return to ICE custody.

Accordingly, this Court will not interfere with a state court criminal proceeding in these circumstances.

## CONCLUSION

For the reasons explained above, the Washington County defendants' Motion to Dismiss (ECF No. 46) is GRANTED, and plaintiff's claims against Washington County, Pat Garrett, and Caprice Massey are DISMISSED.

IT IS SO ORDERED.

DATED this 17th day of March, 2022.

s/ Michael J. McShane
MICHAEL J. MCSHANE
United States District Judge

9    - OPINION AND ORDER