IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**URIEL ALBERTO-TOLEDO**,

            Plaintiff,

v.

**WASHINGTON COUNTY**, **PAT GARRETT**,
**KARLYN DEGMAN**, **CAPRICE MASSEY**,
and **ANDREW PULVER**,

            Defendants.

Case No. 3:20-cv-01557-MC

OPINION & ORDER

MCSHANE, Judge:

    Plaintiff Uriel Alberto-Toledo, a pretrial detainee appearing pro se, filed suit under 42 U.S.C. § 1983 alleging that Defendant Andrew Pulver, a deputy district attorney, violated his Fourth Amendment rights by unlawfully detaining him pursuant to a United States Immigration and Customs Enforcement (ICE) administrative hold. Plaintiff and Defendant each move for summary judgment.[1] Pl.'s Mot., ECF No. 67; Def.'s Mot., ECF No. 62. Because Defendant is

---

[1] While Plaintiff's Motion for Summary Judgment and Response to Defendant Pulver's Motion for Summary Judgment were each signed on or before the deadline, they were filed a few days late. Defendant argues that Plaintiff's motion should be denied and his response not considered because "Plaintiff should have asked for an extension, realizing that it would not have made it to the Court by the following day." Def.'s Reply 1–2, ECF No. 71. Plaintiff is incarcerated and not represented by counsel. The Court would have granted an extension – for more than the mere four days that it took for Plaintiff's filings to arrive in the mail – without hesitation. The Court prefers to decide cases on the merits. Accordingly, the Court will consider both Plaintiff's Motion for Summary Judgment and his response to Defendant's Motion for Summary Judgment.

1 – OPINION AND ORDER

entitled to absolute immunity, Defendant's Motion for Summary Judgment (ECF No. 62) is GRANTED and Plaintiff's Motion for Summary Judgment (ECF No. 67) is DENIED.

## BACKGROUND

On June 6, 2019, Plaintiff was arrested on state law charges in Washington County and booked into the Washington County Jail. Second Amended Complaint ¶ 11, ECF No. 34 ("SAC"). The next day, Plaintiff posted bail and was released from custody pending trial. SAC ¶ 12.

On January 8, 2020, Plaintiff was arrested and taken into custody by U.S. Marshals on a federal charge of Illegal Reentry. SAC ¶ 13. Apparently, Plaintiff was held at the Multnomah County Inverness Jail during the pendency of his federal charge.

On March 13, 2020, Defendant filed a motion to show cause why Plaintiff's bail and pretrial release should not be revoked in the Washington County case. SAC ¶ 17.

On March 16, 2020, the state court revoked plaintiff's bail and issued a warrant for his arrest. The court also imposed a new bail amount of $250,000. SAC ¶¶ 24–25.

On March 24, 2020, Defendant filed a motion to transport Plaintiff from Multnomah County Inverness Jail. Pl.'s Mot. Ex. 6, at 1, ECF No. 67. That same day, Washington County Circuit Court Judge Rebecca Guptil issued an order to transport Plaintiff. The order stated that Plaintiff was "in the custody of the above-named facility." McMahon Decl. Ex. 1, ECF No. 47.

On March 27, 2020, Plaintiff pled guilty to a charge of Illegal Reentry in federal court and was sentenced to time served. SAC ¶ 27. He remained at the Multnomah County Inverness Jail on a hold from Washington County. SAC ¶ 29. That same day, Defendant filed a motion for an amended order to transport Plaintiff, clarifying that Plaintiff was "in the legal custody of ICE." Pl.'s Mot. Ex. 6, at 2. Judge Guptill signed an Amended Order to Transport on March 30,

2 – OPINION AND ORDER

2020. McMahon Decl. Ex. 1, ECF No. 53. The Amended Order provided that "when the above-entitled matter has been completed, [Plaintiff] shall be returned to the custody of Immigration and Customs Enforcement (ICE)." *Id*.

## STANDARDS

The court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue is "genuine" if a reasonable jury could return a verdict in favor of the non-moving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.* The court reviews evidence and draws inferences in the light most favorable to the non-moving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)). When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (quoting Fed. R. Civ. P. 56(e)).

Cross-motions for summary judgment are each considered on their own merits. *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001).

## DISCUSSION

### I.  Defendant's Motion for Summary Judgment

Defendant moves for summary judgment, arguing that he is entitled to absolute prosecutorial immunity. Def.'s Mot. 5. Plaintiff argues that Defendant is not entitled to immunity "because he stepped outside of his prosecutorial role, and into the role of witness, when he

personally attested to the truth of facts in the affidavit." Pl.'s Resp. 2, ECF No. 70 (*quoting Cruz v. Kauai Cty.*, 279 F.3d 1064, 1067 (9th Cir. 2002)).

"Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacity." *Olsen v. Idaho State Bd. Of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004); *Imbler v. Pachtman*, 424 U.S. 409 (1976). This immunity applies when a prosecutor is performing actions that are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. Absolute immunity may not apply when a prosecutor performs investigative or administrative tasks. *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009). To determine whether an action qualifies for absolute immunity, courts use a "functional approach" to analyze "the nature of the function performed, not the identity of the actor who performed it." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993).

Under the functional approach, prosecutors are entitled to absolute immunity for initiating prosecution, presenting the State's case at trial, and "appearing before a judge and presenting evidence in support of a motion for a search warrant." *Id.* at 269–71. On the other hand, a prosecutor is not entitled to absolute immunity when they step outside of the prosecutorial role and act as a witness by "personally attest[ing] to the truth of facts in [an] affidavit." *Cruz*, 279 F.3d at 1067; *Kalina v. Fletcher*, 522 U.S. 118, 130 (1997) ("Testifying about facts is the function of the witness, not of the lawyer.").

Plaintiff's complaint centers around two alleged "material factual inaccuracies" that Defendant presented to the Washington County Circuit Court. *See* SAC ¶¶ 14–23, 31–35.

First, Plaintiff alleges that Defendant knowingly and deliberately omitted information from his March 13, 2020 affidavit in support of motion to show cause why defendant's release shall not be revoked. SAC ¶¶ 21–22. The affidavit contained the following sworn statements:

4 – OPINION AND ORDER

> [Plaintiff] signed a security release agreement on June 7, 2019 which required, among other things, that [Plaintiff] appear and answer on the charges, notify the court immediate [sic] if arrested, and keep the court advised of his correct address at all times;
>
> Following [Plaintiff's] release, an out-of-custody trial date was scheduled for October 8, 2019. This trial date was later reset at the request of [Plaintiff] to June 23, 2020;
>
> On January 14, 2020, [Plaintiff] was arrested on federal charges for Production of Child Pornography and Illegal Reentry and placed into federal custody at the Multnomah County Inverness Jail. He remained out-of-custody on the Washington County charges;
>
> On March 13, 2020 the State learned from Erin Larson with the court release office that, to the date, [Plaintiff] has not informed the release office of his new address or otherwise informed the release office of his new arrest;
>
> AUSA Barr also informs the State that upon the imminent closure of the federal Illegal Reentry case [Plaintiff] will be released to ICE custody and potentially face removal without prosecution in Washington County due to his 'out of custody' status. AUSA Barr informs the State that this can be remedied if [Plaintiff's] release is revoked, a warrant is issued, and a hold is placed upon him;

Pl.'s Mot. Ex. 1, at 2–3, ECF No. 67.

Plaintiff argues that Defendant misrepresented the facts in order to have his release revoked. Pl.'s Resp. 1–2. The security release Plaintiff signed only required that he notify the court and did not specify that he notify the court release officer. Pl.'s Mot. Ex. 3, at 1. Plaintiff's attorney filed a motion for a continuance with Washington County because of Plaintiff's arrest. Def.'s Answer ¶ 7, ECF No. 49. Plaintiff argues that this was sufficient to notify the court of his arrest and new address, satisfying the security release he signed. Pl.'s Mot. 2–3. Because Defendant knew about the continuance and did not oppose it, Plaintiff argues that Defendant knew that Plaintiff had not in fact violated the security release.

The Court finds that Defendant was acting in his role as advocate for the state here and is entitled to absolute immunity. Defendant was not testifying ex parte to the truth of the

5 – OPINION AND ORDER

information in the affidavit, but rather presenting the information to the judge in support of a motion to show cause. *Cf. Fratzke v. Montana Fish, Wildlife, & Parks*, 716 F App'x 687, 688 (9th Cir. 2018) (affirming absolute immunity for a prosecutor who "received, selected and presented investigative information provided to her by others, without vouching as to its truth" to demonstrate probable cause).

Plaintiff next alleges that Defendant falsely informed the state court that Plaintiff was in ICE custody. SAC ¶ 31.

On March 24, 2020, Defendant field a motion to transport Plaintiff from Multnomah County Inverness Jail. *See* Pl.'s Mot., Ex. 6 at 1. In this motion Defendant stated that Plaintiff was "currently in custody on federal Illegal reentry charges and facing imminent release to ICE custody and deportation." *Id*. On March 27, 2020, defendant filed a motion for an amended order to transport Plaintiff, noting that "the State has learned from members of Immigration and Customs Enforcement (ICE) and the Washington County Sheriff's Office transport division that, while [Plaintiff] was previously housed at Inverness Jail, he is actually in the legal custody of ICE." *Id*. at 2.

For similar reasons, the Court finds that Defendant was also acting as an advocate for the state here and entitled to absolute immunity. Plaintiff alleges that "Defendant Pulver knew that Plaintiff was not actually in the custody of ICE." SAC ¶ 34. However, the record shows that Plaintiff was in ICE custody at the time. Pulver Decl. Ex. 9, at 1, ECF No. 63. Even if he were not, Defendant was informed by multiple credible sources that Plaintiff was in ICE custody. *Id.* Defendant was not acting as a witness for the facts he presented to the court in his motion, but rather attempting to give the court the most accurate information, to the best of his knowledge, at the time.

6 – OPINION AND ORDER

Even if Defendant were not entitled to absolute immunity for the affidavits he presented to the court, he is entitled to qualified immunity. Qualified immunity can shield a defendant from liability for an alleged constitutional violation. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To determine whether qualified immunity is applicable, the court must consider: (1) whether the alleged facts, taken in the light most favorable to the plaintiff, show defendant's conduct violated a constitutional right; and (2) whether that constitutional right was "clearly established." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The Supreme Court has impressed upon courts not to be overly generalized or excessively specific in defining what it means for a right to be "clearly established." *See District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018).

Plaintiff argues that the right allegedly violated was "clearly established" in *Cruz v. Kauai County*. Pl.'s Resp. 2. However, even if *Cruz* established a right,[2] that right "was the Fourth Amendment right not to have a prosecutor, in order to obtain a bail revocation, personally attest to a false statement of a biased source with no investigation of the statement's truth or falsity." *Cruz*, 279 F.3d at 1069. In *Cruz*, the prosecutor relied on information allegedly given by Dela Cruz's ex-wife who was, at the time, "involved in a bitter child custody dispute with Dela Cruz." *Id*. at 1064. The concern of extreme bias with a corresponding duty to investigate is not found here. Defendant's affidavits relied on information given to him by a court release officer and an Assistant United States Attorney. Because any alleged constitutional violation was not "clearly established," Defendant is entitled to qualified immunity.

//

---

[2] The *Cruz* court noted that Cruz "has not cited any case that establishes such a right, nor is it self-evident." *Cruz*, 279 F.3d at 1069.

7 – OPINION AND ORDER

## II. Plaintiff's Motion for Summary Judgment

Plaintiff also moves for summary judgment. Pl.'s Mot. Plaintiff argues that the revocation of his release was an unlawful seizure under the Fourth Amendment. *Id*. at 6–7. Plaintiff argues that Defendant was an "integral participant" in this seizure. *Id*.

Plaintiff's Motion for Summary Judgment is denied. Even if Defendant were not shielded by absolute or qualified immunity, Plaintiff has not shown that there are no disputes of material fact. While Plaintiff alleges that Defendant withheld information so that Plaintiff's release would be revoked, Defendant asserts that he believed that Plaintiff had violated the terms of his security release. *See* Pulver Decl. ¶ 10. A reasonable jury could find that the revocation of Plaintiff's release was not an unlawful seizure.

## CONCLUSION

For these reasons, Defendant's Motion for Summary Judgment (ECF No. 62) is GRANTED and Plaintiff's Motion for Summary Judgment (ECF No. 67) is DENIED. IT IS SO ORDERED.

DATED this 6th day of September, 2022.

          /s/ Michael J. McShane\_\_\_\_
          Michael McShane
          United States District Judge